IN RE ESTATE OF SYLVESTER RICE.

F. J. RICE et al., Appellees, v. AMERICAN BAPTIST FOREIGN MISSION et al., Appellants.

**WILLS:** Revocation—Revocation by Codicil. A clearly granted life estate in realty, with remainder over to a named person, is not revoked by a codicil which, *after granting additional rights to the life tenant,* conveys to trustees *all* the real property of which the testator may die seized, with directions to sell and distribute the proceeds to legatees named in the will and codicil. It is held that the trustees took only that quantum of interest in the real estate which the purpose of the trust required,—that quantum which would permit the formerly clearly granted estates to stand.

*Appeal from Butler District Court.*—M. F. EDWARDS, Judge.

APRIL 5, 1921.

ACTION in equity, to construe the will and annexed codicils of Sylvester Rice, deceased. The cause was submitted on the pleadings. It was decreed by the court that the codicils did not revoke the provisions of the original will with respect to certain . devises. Defendants appeal.—*Affirmed.*

*Geo. A. McIntyre* and *Sager & Sweet,* for appellants.

*C. G. Burling,* for appellees.

DE GRAFF, J.—The testator, Sylvester Rice, died August 21, 1916, without issue, and leaving no widow. F. J. Rice and Louisa Rice, plaintiffs, are husband and wife, the former being a nephew of the decedent's.

On March 15, 1913, the will in question was executed, and by the terms thereof, specific devises and legacies were given to divers persons and corporations named therein, parties to this action.

The present inquiry involves a construction of the will as to devises to Mrs. Lucinda A. Bullen, F. J. Rice, and his wife,

Louisa, in relation to the disposition of the proceeds of real estate conveyed to trustees, with power of sale..

Briefly summarizing the controverted provisions of the original will, we note the following: (1) Mrs. Lucinda A. Bullen was given a life estate in certain real estate situated in the town of Shell Rock, Iowa, with immediate possession upon the death of the testator. (2) The remainder estate in said real estate was given to the nephew F. J. Rice, and to his heirs and assigns. (3) All of the household goods contained in the buildings on the real estate mentioned above were bequeathed for the use of Lucinda A. Bullen during her life, and after her death to F. J. Rice and to his heirs and assigns. (4) $500 in cash was given to F. J. Rice. (5) $500 in cash was given to Louisa Rice. (6) F. J. Rice was named as the executor of the will, and he was recommended to the probate court for such appointment.

On April 19, 1913, the first codicil to this will was executed, in which additional specific bequests were made, and revoking or modifying others, with which we are not concerned. Item 10 of this codicil reads as follows:

"In the final settlement of my estate should there be assets more than sufficient to pay the devisees and bequests herein named, and also those named in my last will and testament (to which this codicil is attached) and the payment of all costs and expenses and just debts; then it is my will, and I so direct that such remaining assets be given to the persons and societies herein named and also such persons and societies named in my last will and testament, in proportion to the amount given them in this codicil and in the said last will and testament; and in the event that there shall not be sufficient to pay in full the devises and bequests named in this codicil and those named in the said last will and testament, then each devise shall be reduced pro rata."

On July 14, 1916, a second codicil was executed, which modified some of the bequests previously made, and, so far as material to the present issues, provided: (1) The devise to Mrs. Lucinda A. Bullen of the life estate in certain real estate was enlarged, by authorizing her to rent the said premises and to collect and retain the rentals for her benefit during all or any portion of her life lease. The taxes on said real estate were

to be paid by the executors or trustees from the general fund of the testator's estate, and the said Lucinda Bullen was charged to keep the property in repair at her own expense during her lifetime. (2) The bequest of $500 to F. J. Rice was canceled and revoked. (3) The bequest of $500 to Mrs. Louisa Rice was canceled and revoked. (4) The nomination of F. J. Rice as executor was canceled and revoked. (5) Fred O. Newcomb and Geo. A. McIntyre were appointed joint executors and trustees of the will. (6) "Par. 15. It is my desire that said executors shall close the estate on the expiration of one year from the date of their appointment and qualification and that thereafter they continue as trustees if it is necessary in order to dispose of real estate and distribute the proceeds in accordance with the terms of this will. If either said F. O. Newcomb or Geo. A. McIntyre shall die or become disqualified to act as executors or trustees of this will, then the survivor shall have sole authority to continue the administration and exercise all powers now given to them jointly.

"Par. 16. I hereby sell, convey, transfer and deliver the legal and equitable title to all the real estate of which I die possessed or in which I may have a legal or equitable interest, to Fred O. Newcomb and Geo. A. McIntyre as trustees of my estate; and that all the provisions of my will shall be construed in harmony with this conveyance. They shall sell said real estate and distribute the proceeds of such sales in the amounts and to the persons and institutions named in my will and codicils as now modified and extended."

The construction of a will has for its primary purpose the finding and a declaring of the intention of the testator. In the instant case, the conflict, if any, arises between the language of the original will and the codicils annexed. A codicil will not revoke the provisions of the will unless clearly inconsistent with it; and, in order to constitute a revocation, we must find the intent to revoke, either in express words or by necessary implication.

It is also a well established rule that a gift or devise made by a will is not to be cut down by a codicil unless the intent so to do clearly appears therein. Ambiguous or doubtful expressions are not sufficient, and unless there is an irreconcilable con-

flict, a codicil will not be considered the last expression of the testator's intent.

The primary contention of appellant is that the conveyance by the codicil of the legal and equitable title to certain real estate to trustees, with power of sale, indicates an intention on the part of the testator to revoke the original provision, giving a life estate in said realty to Lucinda A. Bullen, and necessarily destroyed the remainder over to the plaintiff F. J. Rice, and terminated his rights under the will as a residuary legatee. The trial court answered in the negative.

It will be observed that the testator specifically revoked, by his codicil, certain bequests to F. J. Rice and his wife, Louisa. He did not expressly revoke the life estate given to Mrs. Bullen or the remainder over to Rice; and, unless the conveyance to trustees of the real estate to which these interests attach impliedly revoked the original provision, the devise must stand.

A declared purpose by the testator in a codicil to alter his will in one or more stated respects implies that it is not altered in other respects which have reference to the same beneficiaries.

"A codicil will not operate as a revocation of a previous will beyond the clear import of its language, nor upon any suggestion of repugnancy, save so far as may be necessary to give that codicil effect." 1 Schouler on Wills (5th Ed.), Section 437.

Wills and codicils are alike in their declaration of intended disposition of property, but are unlike in their revocatory effect. A later will affecting the same property is, by its very nature, a revocation of the former will; whereas a codicil is, by its nature, a confirmation of the former will, except as to its express alterations. A codicil imports, not a revocation, but an addition. Confirmation is presumed; not an intended revocation. We are not to guess or speculate on the question of revocation, or to extend it further than the clear language of the revoking instrument requires us to do. The terms of a codicil are not permitted to disturb those of the will further than is absolutely necessary, to give to such terms reasonable effect.

If possible, the instrument in all its parts must be reconciled, so as to make the disposition a consistent whole. In other

words, a will must not be read so as to contradict itself, if the apparent conflict can be reconciled.

The language of the second codicil, in Paragraph 16, is quite pertinent in disclosing the intent of the testator. After conveying to trustees the legal and equitable titles to all real estate of which the testator should die seized, the following language is found:

"That all the provisions of my will shall be construed in harmony with this conveyance."

It is then said:

"They [trustees] shall sell said real estate and distribute the proceeds of such sales in the amount and to the persons and institutions named in my will and codicils as now modified and extended."

This is a specific direction and request on the part of the testator. We must presume that this language of direction was used advisedly and for a purpose, and in reading the terms of the original will in connection with the two codicils, we can find no inconsistency.

"And where, by the terms of a will, a devise or bequest is clearly given, a codicil will not operate to revoke such bequest or devise, unless the intention that it shall so operate appears with equal clearness." 40 Cyc. 1183.

We cannot permit the doctrine of equitable conversion to be applied in hostility to a devisee. *Norris v. Loyd,* 183 Iowa 1056. This is especially true if the devisee can take the property in its real character, without disturbing the rights of others under the will. This could be done in the instant case as to Mrs. Bullen. It would be vain to insist upon a conversion, when, directly after the change, the persons entitled could turn it back to its natural state, without affecting the interests of others. Equity will not compel the execution of a trust, under such circumstances, against the wishes of the persons beneficially interested, and the direction for the conversion by will is presumed to have been made for the benefit and convenience of the devisees and legatees. This is the underlying principle of the doctrine of reconversion. 13 Corpus Juris 885.

We are satisfied that the trial court gave the will a proper construction, in holding that the trustees appointed in the second

codicil took that quantum of interest in the real estate which the purpose of the trust required, and that the purpose specified was to sell the real estate, and distribute the proceeds according to the provisions of the will. This provision of the codicil afforded simply a different means of devolution.

The decree of the court read into the will and codicils annexed the clear intention of the testator, which is the *sine qua non* in the construction of a will. Wherefore, the decree entered is—*Affirmed*.

EVANS, C. J., WEAVER and PRESTON, JJ., concur.