MILTON *et al. v.* MILTON *et al.*

(Division A.. Nov. 2, 1942.)

[10 So. (2d) 175. No. 35047.]

Neville & Neville, of Meridian, for appellant, Mrs. J. J. Milton.

**Reily & Parker**, of Meridian, for appellant, Devota Milton.

Bozeman & Bozeman, of Meridian, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal to settle the principles of the case.

Newell L. Milton died in April, 1940, leaving as his heirs-at-law his widow, Mrs. Lynn Milton, and two daughters, Devota and Gloria Lee Milton, the first, an adult, was Milton's child by a former marriage, and the second, a minor about six years of age, was born of his marriage with Mrs. Lynn Milton. His mother, Mrs. J. J. Milton, also survived him. Mrs. Lynn Milton had a daughter by a former marriage, Betty Lynn Milton, a minor, who was living in Newell L. Milton's home at the time of his death as a member of his family and was being supported by him. Newell L. Milton left a will, his widow being one of the beneficiaries therein, which was duly probated and renounced by the widow under Section 3561 of the Code of 1930, who is claiming and is conceded to be entitled to the interest in her husband's estate that she would have inherited had he died intestate. The administration of Milton's estate has not been closed but this proceeding was begun by Mrs. Lynn Milton and by Gloria Lee and Betty Lynn Milton by their mother as their next friend, asking for certain relief, the granting or denial of which necessitated a construction of the following items in Newell L. Milton's will:

"Item # 2. My executors are directed to pay unto my beloved wife, Lynn Milton, the sum of $200.00 (Two Hundred) Dollars per month from the assets of Milton Brooks Co., said payments to continue so long as my wife remains my widow; in the event of her re-marriage,

I direct my executors to discontinue said monthly payments. Said monthly payments to continue so long as said businesses justify same and until life insurance payable to estate has been expended.

"In the event of death or re-marriage of my wife and $200.00 monthly payments to her shall cease, then I direct my Executors to pay to Betty Lynn Milton and Gloria Lee Milton, each the sum of $75.00 (Seventy-Five) Dollars per month until each arrives at age of sixteen years, at which time said Executors shall pay unto each the sum of $100.00 per month, said payments to continue until said child, or each of them, shall marry, at which time said payments are to cease and said child shall not thereafter be entitled to receive same from my estate until and unless satisfactory proof of actual need and necessity therefor can be made to appear to the satisfaction of my executors, and subject to the approval of the Court administering said estate. The provision herein contained relative to the two children reestablishing their right to receive said monthly payments shall also apply to my wife in the event of adversity, even after re-marriage, provided, however, the amount to be received by her under said circumstances shall not amount to more than $100.00 per month nor to continue longer than actual need exists.

"I devise and bequeath unto my wife my home place for the period of her natural life, and at her death remainder in fee simple to my daughter, Gloria Lee Milton."

Items 3 and 4 of the will, not specifically involved here, are as follows:

"Item 3. I give, devise and bequeath unto my daughter, Devota Milton the sum of $100.00 per month and also give, devise and bequeath unto my mother, Mrs. J. J. Milton, the sum of $50.00 per month, said payments to be made by my executors from assets and earnings of my interest in Milton Ryan Co., Incorporated, so long as

said business may continue, and in the event of its liquidation I direct said Executors to continue said payments from Trustee account established by Item 1 in Citizens National Bank. Each of said devisees to receive said monthly bequests during their natural life.

"Item 4. The residue of the estate of whatsoever description, real and personal, after the items enumerated in this will shall have been literally carried into effect, I devise and bequeath share and share alike unto my wife, Lynn Milton, and my daughters, Gloria Lee and Devota Milton."

Item 6 of the will nominated Eddie Holt and W. R. Spencer as executors thereof; and Item 7 thereof provided that: "My executors are also named as Trustees and as such will carry into effect the Trusts created, and wherever the name Executor or Executors shall appear herein, same shall be construed to mean Trustees as well." Holt alone qualified as executor of the will. Milton's will was made in June, 1936. He then owned a house and lot, occupying it as his home. He thereafter sold it and purchased another, occupied and used it as his home and was so doing at the time of his death.

This appeal necessitates a response to two questions only and will be confined thereto.

1. Did the bequests of $75 per month each to Betty Lynn Milton and Gloria Lee Milton come into effect on the renunciation of the will by the testator's widow, Lynn Milton, or do they become effective when, but not until, Mrs. Lynn Milton either remarries or dies?

2. Should the words "my home place" in the devise thereof to the testator's widow for life, with remainder to his daughter, Gloria L. Milton, be applied to the place occupied by the testator as his home at the time of his death?

It is clear that the testator intended to provide for the support of his widow and her two children, and supposed that his widow would so apply the $200 monthly

payments bequeathed to her as long as she continued to receive them. It is also clear that he intended that when these "monthly payments to her (his widow) shall cease," the payments of the $75 per month to each of her children should begin. It is true that he did not anticipate the renunciation of his will by his widow, and two other events, the occurrence of either of which would cause these payments to her to cease, were referred to by him, i. e. her remarriage or death. Nevertheless, the equivalent of each of these events in so far as they affect her right to the monthly payments has occurred—her renunciation of the will.

A more difficult question might be presented if the testator had said that "in the event of death or remarriage of my wife, then I desire," etc.; but the use of the words, "and $200 monthly payments to her shall cease" between the words "wife" and "then" seems to demonstrate that he meant for these payments to his widow's children to begin on the cessation for any reason of the monthly payments bequeathed to her.

The same result would follow under the law of trusts, without Section 3561 of the Code under which Mrs. Milton renounced the will. Within limitations not here present, a beneficiary in a trust may decline to accept it. 1 Rest. Trusts, Section 36, Comment c; Greely v. Houston, 148 Miss. 799, 114 So. 740. From which it necessarily follows that where the benefit of the trust declined is in the form of periodical payments of money, and the trust instrument provides that on the cessation thereof similar periodical payments, though different in amount, shall then be made to others, such others become immediately entitled thereto, unless the trust instrument, here a will, otherwise provides; which this will does not do.

Under Section 3550, Code of 1930, a testator has the right to devise or bequeath all of the property which he may have, not only at the time the will is executed, but

any that he may thereafter acquire and own at the time of his death. Since a will becomes operative when, but not until, a testator dies, prior to which time he has full control over it, it must be interpreted as if made just preceding that event, and applied to all property then owned by him, embraced within the will's description thereof, unless a contrary intent appears.

If, when a will is made, the testator owned property embraced therein which he afterwards disposes of, and acquires other property embraced within the same description, and owns it at his death, the will must be applied thereto, unless something therein indicates that the testator does not so intend. At the time this testator made this will he, of course, had in mind the place he then occupied as a home, but the description of it therein does not so limit it; and when he disposed of that home and acquired another, which he was occupying as such at his death, and since the will speaks from that date, it must be construed as if it had been made or read and approved by the testator just before the occurrence of that event.

From this, it follows that the court below correctly held, (1) that the provision for the $75 monthly payments to Betty Lynn and Gloria Lee Milton become effective on the renunciation of the will by Mrs. Lynn Milton, and (2) that the place occupied by the testator as his home at his death passed, under the will, to his widow and Gloria L. Milton; but because of the renunciation of the will by his widow she became entitled to a one-third interest to the property in fee; and Gloria Lee Milton to the other two-thirds interest therein, subject to Mrs. Lynn Milton's right under Section 1412, Code of 1930, to occupy and use it during her widowhood.

Affirmed and remanded.