In re Estate of Nancy M. Sprague.

Ethel Sprague Colton et al., appellants; Margaret Huston, appellee.

No. 48224.

(Reported in 57 N.W.2d 212)

MARCH 10, 1953.

Reid L. Hunt, of Tipton, for appellants.

Russell R. Newell, of Columbus Junction, for appellee.

WENNERSTRUM, J.—This appeal has developed by reason of an application made by the executor of the will of Nancy M. Sprague, deceased, to have construed certain provisions of her last will and testament and subsequent codicils. The trial court entered an order favorable to the contentions of Margaret Huston, a sister of the decedent, and adverse to the contentions of Ethel Sprague Colton, Alice Sprague Overholser and Evelyn Sprague Hall, stepdaughters of Nancy M. Sprague. They have appealed.

James A. Sprague, husband of Nancy M. Sprague, predeceased her. Mrs. Sprague died January 1, 1951, and her will and codicils were thereafter admitted to probate. Inasmuch as they were construed by the trial court and its order relative to them is before us for review, it is necessary that we set forth the essential portions of them.

On June 19, 1936, Nancy M. Sprague executed her last will and testament. In item one provision was made for the payment of all debts and claims of her estate. In item two there was devised and bequeathed to James A. Sprague a life estate in all the property of Nancy M. Sprague with the right to use the principal thereof as well as the income. Item three is as follows:

"I give, devise and bequeath to my sister, Margaret Huston, of Columbus Junction, Iowa, any property of my estate which may remain at the death of my said husband, to have and to hold the same to her and her heirs absolutely.

"I nominate my husband, James A. Sprague, as executor of my estate and of my Last Will and Testament, and exonerate him from giving bond as such executor."

A codicil to the will of Nancy M. Sprague, executed on July 15, 1943, is in part as follows:

"ITEM I. I amend Item Three of my said Last Will and Testament as follows: I give, devise and bequeath to Ethel Sprague Colton, Alice Sprague Overholser and Evelyn Sprague Hall, in equal shares, or to their heirs if they do not survive me, all property, both real and personal of which I die possessed *which I may have received either by descent or devise or as surviving spouse from my husband, James A. Sprague.* I hold in joint tenancy with the said James A. Sprague the property known as 1322 A Avenue Northeast, Cedar Rapids, Linn County, Iowa, and I give, devise and bequeath this real estate, in case I survive the said James A. Sprague *and become vested with the full title as surviving joint tenant, and am possessed of it at the time of my death,* to the said Ethel Sprague Colton, Alice Sprague Overholser and Evelyn Sprague Hall, in equal shares, or to their heirs if they do not survive me. [Italics supplied.]

"ITEM II. This Codicil is intended to change my Last Will and Testament only as hereinabove set forth, leaving said Last Will and Testament in full force and effect as to all other provisions thereof."

On March 7, 1944, Nancy M. Sprague executed a second codicil to her last will and testament wherein she revoked the designation of her husband, James A. Sprague, as executor of her will because of his advanced age and appointed W. C. Hall as executor in his place.

The real property referred to in Item I of the codicil dated July 15, 1943, as shown by that instrument, was held at the time of the execution of this codicil in joint tenancy with James A. Sprague, the husband of the decedent. It is apparent from

the record that on or about June 4, 1945, the said Nancy M. Sprague and her husband entered into a contract for the sale and conveyance of this property to Kyle and Ina V. Kilpatrick. This contract provided for installment payments. It is shown that at the time of the death of James A. Sprague there was a balance due of $6168.67, and, as shown by the findings of fact and conclusions of law of the trial court, the undivided one-half interest of Nancy M. Sprague in this contract at the time of her death was estimated by her executor to be of the value of $3568.45.

The record further discloses that during the lifetime of James A. Sprague and Nancy M. Sprague they owned as joint tenants with the right of survivorship thirty-five shares of preferred stock of Miller and Hart, Inc. Following the death of James A. Sprague, the guardian of Nancy M. Sprague had a new certificate of stock reissued to him in his name as guardian of Nancy M. Sprague. During the lifetime of James A. Sprague and Nancy M. Sprague they also owned as joint tenants with the right of survivorship, a five per cent-$800 mortgage income bond issued by the Waterloo, Cedar Falls and Northern Railway Company of Waterloo, Iowa. At the time of the death of James A. Sprague there was in his possession the following: six United States bonds registered in the name of James A. Sprague or Nancy M. Sprague, the value of which is not shown.

In its findings of fact and conclusions of law the trial court has very clearly commented on the material features of the will and the codicils here involved. We shall set forth a portion of its findings of fact and conclusions of law and adopt them as a part of this opinion:

"It is hornbook law that the cardinal rule of construction is to determine the intention of the testator. Since the construction of a will has for its primary purpose the ascertainment of the intention of the testator, the testator's intention is hence the polar star in the interpretation of the instrument. This intent must be sought from the language of the will itself, read in the light of the surrounding circumstances.

"By Item I of the Codicil, dated July 15, 1943, the testatrix left to her stepdaughters all property, real and personal, of

which she died possessed and 'which I may have received, either by descent or devise or as surviving spouse from my husband, JAMES A. SPRAGUE.' In this Codicil, she also provided, 'I hold in joint tenancy with the said JAMES A. SPRAGUE, the property known as 1322 A Avenue Northeast . . . . and I give, devise and bequeath this real estate, in case I survive the said JAMES A. SPRAGUE and become vested with the full title as surviving joint tenant . . . to ETHEL SPRAGUE COLTON, ALICE SPRAGUE OVER-HOLSER and EVELYN SPRAGUE HALL . . . .'. The thirty-five shares of preferred stock of Miller and Hart, Inc., * * * the mortgage bond, issued by the Waterloo, Cedar Falls and Northern Railway, * * * and the United States Government Bonds * * * were not received by NANCY M. SPRAGUE, either by descent, devise or as the surviving spouse of her husband, JAMES A. SPRAGUE. She acquired ownership of the stock certificate and the railway bond as the result of being a surviving joint tenant, and she acquired ownership of the Government Bonds because of a contract with the United States Government. That she distinguishes, in her own mind, between property which she would receive by descent, devise or as surviving spouse from JAMES A. SPRAGUE and property which she might become entitled to as a surviving joint tenant, is quite apparent from the wording of the first Codicil, for therein she refers to property as being received by descent, devise or as surviving spouse from her husband, and she likewise refers to her ownership of the Cedar Rapids real estate as being an ownership in joint tenancy and becoming vested with the full title thereto as a surviving joint tenant. So that it seems abundantly clear that she was fully conversant with the fact that one who owns property in joint tenancy with right of survivorship acquires that property as a result of that relationship and does not acquire such property, either by descent, devise or because of being a surviving spouse.

"It is hence my conclusion that the preferred stock of Miller and Hart, Inc., * * * and the $800.00 mortgage bond of the Waterloo, Cedar Falls and Northern Railway of Waterloo, Iowa, * * * and the United States Government Bonds * * * pass to MARGARET HUSTON, under Item III of the decedent's will and do not pass to ETHEL SPRAGUE COLTON, ALICE SPRAGUE OVER-

HOLSER and EVELYN SPRAGUE HALL, under Item I·of the Codicil dated July 15, 1943.

"At the time of making her Last Will and Codicil thereto, NANCY M. SPRAGUE and her husband owned a tract of real estate located at 1322 A Avenue Northeast, Cedar Rapids, Iowa, as joint tenants with full rights of survivorship. On June 4, 1945, MR. and MRS. SPRAGUE sold this real estate on an installment contract to KYLE and INA V. KILPATRICK and there was still a substantial balance due on this contract at the time of the death of NANCY M. SPRAGUE. From this changed condition has arisen the doubt and controversy as to whether the interest of NANCY M. SPRAGUE in this KILPATRICK contract passed to her sister, MARGARET HUSTON under Item III of the Last Will and Testament of NANCY M. SPRAGUE, or passed to ETHEL SPRAGUE COLTON, ALICE SPRAGUE OVERHOLSER and EVELYN SPRAGUE HALL, under Item I of the Codicil, dated July 15, 1943. The making of this contract on June 4, 1945, destroyed the joint tenancy of NANCY M. SPRAGUE and JAMES A. SPRAGUE in the Cedar Rapids real estate, and, after the making of this contract, they were each the owner of an undivided one-half interest in such contract. The making of this contract for the sale of this real estate operated so that MRS. SPRAGUE did not own this real estate at the time of her death in the ordinary sense of ownership; there was a change from outright ownership to security ownership. In other words, while MR. and MRS. SPRAGUE retained legal title to the real estate, they retained title merely as security for the payment of the balance due upon the purchase price, and, they were, in effect, from and after the making of the KILPATRICK contract, merely the owners of personal property: there had been an equitable conversion of such real estate into personal property.* * *

"The making of the KILPATRICK contract to sell this real estate worked an ademption of the devise of this real estate to the stepdaughters of MRS. SPRAGUE as provided for in Item I of the Codicil dated July 15, 1943. An ademption occurs when there has been a failure of a devise simply because the testator is not possessed of the property devised when the will becomes operative. There is nothing in MRS. SPRAGUE's will and first

Codicil thereto which shows that at the time it was made that she had any idea that she would sell this real estate. Both under the will and in the mind of the testatrix at the time that she executed the will and the first Codicil thereto, the subject matter of the devise was a tract of real estate and not a contract to sell real estate. MRS. SPRAGUE had knowledge of the condition of her estate after she entered into the contract to sell the Cedar Rapids real estate. She knew that she had acquired an undivided interest in a contract to sell the real estate and yet she did not change her will, although she lived for some considerable time thereafter. MRS. SPRAGUE never became 'vested with the full title (of the Cedar Rapids real estate) as surviving joint tenant', nor was she 'possessed of it' at the time of her death; she was merely the owner of an undivided interest in the KILPATRICK contract. This change from outright ownership to security ownership was so radical in character and effect that the change of testamentary purpose, in the absence of language to the contrary, is adequately manifest.

"It is, therefore, my conclusion that the undivided interest of NANCY M. SPRAGUE in the contract with KYLE and INA V. KILPATRICK passes to MARGARET HUSTON under Item III of the Last Will and Testament of NANCY M. SPRAGUE and does not pass to ETHEL SPRAGUE COLTON, ALICE SPRAGUE OVERHOLSER and EVELYN SPRAGUE HALL under Item I of the Codicil dated July 15, 1943."

It is the claim of the appellants that the trial court erred in holding that Margaret Huston is entitled to the shares of prior preferred stock of Miller and Hart, Inc., the railway company bond, the six United States Government bonds and the undivided interest of Nancy M. Sprague in the real-estate contract with Kyle and Ina V. Kilpatrick.

I. In regard to the claim of the appellants relative to the stock and railroad bond we have concluded that the trial court's holdings are correct. They are supported by the case of In re Estate of Winkler, 232 Iowa 930, 933, 5 N.W.2d 153, 155, wherein we quoted from 14 Am. Jur. 79, section 6, as follows:

" 'An estate in joint tenancy is one held by two or more persons jointly, with equal rights to share in its enjoyment

during their lives, and having as its distinguishing feature the right of survivorship * * *.' "

It is also stated in the Winkler case that although joint tenancy was originally favored at common law it is not so favored now, but is recognized by the courts of this state. The wording on the stock certificate and the railway bond indicates that upon the death of James A. Sprague these securities became the property of Nancy M. Sprague. It would therefore pass under the provisions of her will as her individual property and is not subject to the claim that Nancy M. Sprague received it " 'either by descent or devise or as surviving spouse from my husband, James A. Sprague.' "

■ II. The government bonds became the property of Nancy M. Sprague by virtue of the contractual relation entered into with the United States Government at the time of their purchase. In re Estate of Clemmons, 242 Iowa 1248, 1250, 49 N.W.2d 883. See also In re Estate of Murray, 236 Iowa 807, 821, 20 N.W.2d 49, and In re Guardianship of Damon, 238 Iowa 570, 579, 28 N.W.2d 48.

■ III. The comments of the trial court, which we have heretofore set out, relative to the real estate here involved, aptly set forth our views relative to this feature of this case. We find no necessity for further interpretation on our part. However, in support of the trial court's conclusions on this phase of the case see In re Estate of Bernhard, 134 Iowa 603, 606, 112 N.W. 86, 12 L. R. A., N. S., 1029, and In re Estate of Miller, 142 Iowa 563, 565, 119 N.W. 977.

For the reasons heretofore stated the ruling of the trial court is affirmed.—Affirmed.

SMITH, C. J., and BLISS, OLIVER, GARFIELD, MULRONEY, and HAYS, JJ., concur.

THOMPSON and LARSON, JJ., take no part.