IN RE ESTATE OF HOYT W. STONEBROOK, deceased.

CAROL STONEBROOK, executrix, appellant, v. THOMAS ELROY STONEBROOK et al., movant-appellees.

No. 51913.

(Reported in 141 N.W.2d 531)

APRIL 5, 1966.

William N. Dunn, of Eldora, and Alan Loth, of Fort Dodge, for executrix-appellant.

Lundy, Butler, Wilson & Hall, of Eldora, for movant-appellees.

GARFIELD, C. J.—This is an application in probate by Carol Stonebrook, executrix of the estate of her deceased husband, Hoyt W. Stonebrook, for construction of his will. The trial court dismissed the application on motion of a son and daughter by a previous marriage. The executrix has appealed.

Paragraph III of the will, dated October 5, 1955, provides: "I give, devise and bequeath to my wife, Carol Stonebrook, our homestead property located in Bowman's Subdivision to the north of Pine Lake State Park and including all personal property located therein, furniture, fixtures and personal effects; all of the same to be hers without limitation or qualification, and I direct my Executor that any indebtedness that may exist against said real estate at the time of my death shall be paid from the other assets of my estate to the end that my said wife shall receive the property above referred to free and clear of all liens and encumbrances."

**Paragraph IV** of the will bequeaths to testator's wife a life estate in the rest of his property "so long as she remains my widow."

Subject to Paragraphs III and IV, Paragraph V bequeaths the entire estate, share and share alike, to his two natural daughters and two sons. One son and one daughter were born of a previous marriage of testator, the other son and daughter of his marriage with Carol. (The will provides nothing is left to an adopted son.)

The last paragraph of the will (VIII) appoints Elvin J. Ryan executor.

A codicil, dated March 27, 1960, adds to the will a provision that if Elvin J. Ryan shall for any reason not act as executor, William N. Dunn is named to so act.

A second codicil, dated July 9, 1964 (herein called "the codicil"), revokes the first codicil in its entirety and adds to the will a provision nominating the wife as executrix and if for any reason she does not serve, his older son (of the previous marriage) shall serve as executor in place of Carol.

The amended application of the executrix for construction of the will attached to it alleges testator died July 19, 1964, leaving his widow and four natural children as above stated; the property testator occupied as his homestead when the will was made was sold on contract July 15, 1962, and five days later he acquired Lot 11, Block E, Pierce Place Addition to the City of Eldora which he owned and occupied as his homestead until he died; in applicant's opinion testator intended to give his wife their homestead property and contents and the words of Paragraph III of the will, "located in Bowman's Subdivision to the north of Pine Lake State Park," should be disregarded and the will construed to give her the property described as Lot 11, Block E, Pierce Place Addition to Eldora and contents and that she be authorized to pay the indebtedness against it; that a latent ambiguity exists in the will by the sale of the homestead in Bowman's Subdivision north of Pine Lake State Park and acquisition of the homestead in Pierce Place Addition to Eldora.

The amended motion of the older son and daughter (two of the four remaindermen named in Paragraph V of the will) to dismiss the application asserts as grounds that it affirmatively appears therefrom the will is clear and unambiguous and not the subject for construction; sale of the real estate described in

1066

Paragraph III of the will constituted an ademption, and no facts, as distinguished from opinions and conclusions, are alleged as a basis for construction.

In sustaining the motion to dismiss, the court ruled there was no latent ambiguity in the will when it was executed since testator then intended his wife to have the home described in Paragraph III; the devise of the realty so described and the legacy of its contents are specific, not general; sale of the realty worked an ademption of the devise; it may not be stretched to cover another house and contents in Pierce Place Addition to Eldora; to do so would amount to rewriting the will; when a specific gift is adeemed another property which testator obtains in place of the original one cannot be substituted for it.

I. Upon the appeal of the executrix it is contended making the (1964) codicil "updated" the will and applies it to the circumstances in 1964, not those in 1955 when the will was made; while the codicil did not revive the devise of the nonexistent Bowman Subdivision homestead, it did make a different devise of the homestead in Pierce Place Addition to Eldora which existed in 1964; the description in the will of the homestead as in Bowman's Subdivision should be rejected as an erroneous statement of location and surplusage and the reference therein to "our homestead" should be retained and applied to the homestead existing in 1964.

Although the application for construction does not so allege, we are told in argument the omission of the codicil to correct what, it is claimed, was then an erroneous description in the will of the homestead was due to the oversight of the scrivener or testator.

II. We note at the outset the contention now urged that making the codicil updated the will to 1964 was not made in the trial court in the amended application or otherwise so far as the record shows. This is perhaps because counsel who argued the appeal evidently did not represent the executrix in the trial court. We might decline to consider the contention referred to because it is first raised here. In re Estate of Sarbaugh, 231 Iowa 320, 324, 1 N.W.2d 105, 107; Bryan v. Iowa State Highway Comm., 251 Iowa 1093, 1095, 1096, 104 N.W.2d 562, 563, and .

citations; Smith v. Newell, 254 Iowa 496, 499, 500, 117 N.W.2d 883, 885, 886, and citations; Dunlap v. Hart, 274 Mo. 600, 204 S.W. 525, 3 A. L. R. 1493, 1494. However, we prefer not to rest our determination of this point on this somewhat technical ground. We are satisfied the contention does not warrant a reversal.

III. It is clear the devise of the homestead north of Pine Lake and the legacy of the personalty located therein, found in Paragraph III, are specific, not general. Each is a gift of particular property, distinguished from other property of the same kind. In re Estate of Hartman, 233 Iowa 405, 408, 9 N.W. 2d 359, 361, and citations; In re Estate of Lepley, 235 Iowa 664, 668, 17 N.W.2d 526, 528 (disapproved on another point in Nolte v. Nolte, 247 Iowa 868, 882, 76 N.W.2d 881, 889, 890, 56 A. L. R.2d 854); May v. Sherrard's Legatees, 115 Va. 617, 79 S.E. 1026, Ann. Cas. 1915B 1131, 1132; 96 C. J. S., Wills, section 1125d, pages 878–882; 57 Am. Jur., Wills, section 1401.

IV. It is equally clear that when testator sold the real estate specifically devised in Paragraph III the devise was thereby adeemed. In re Estate of Bierstedt, 254 Iowa 772, 774, 775, 119 N.W.2d 234, 236, and citations; Stake v. Cole, 257 Iowa 594, 599, 133 N.W.2d 714, 716, 717; 96 C. J. S., Wills, section 1177a, c, pages 993, 997; 57 Am. Jur., Wills, sections 1580, 1582.

V. We come now to appellant's contention that making the codicil updated the will, made it apply to the circumstances in 1964, and made a new devise to her of the homestead in Pierce Place Addition to Eldora. Appellant claims too much for the making of this codicil the language of which merely nominates appellant as executrix by way of addition to the will and otherwise leaves it undisturbed.

It is frequently said a will and its codicil are to be read and construed together as one instrument executed on the date of the codicil unless testator's manifest intent is to the contrary. In re Estate of Artz, 254 Iowa 1064, 1070, 120 N.W.2d 418, 422, and citations; In re Estate of Barnes, 256 Iowa 1043, 1049, 1050, 128 N.W.2d 188, 191, 130 N.W.2d 227; Watson v. Manley, 257 Iowa 92, 97, 130 N.W.2d 693, 696.

Many authorities refer to the execution of a codicil as a

republication or confirmation of the will except as the codicil makes alterations in the will. In essence this is the effect appellant claims this codicil had upon this will and the result was a devise to her of the home in Pierce Place Addition to Eldora in lieu of the devise of the former home in Bowman's Subdivision north of Pine Lake. The authorities do not support the result contended for.

In 57 Am. Jur., Wills, section 1579, states "It appears to be uniformly recognized that the confirmation of a will by a subsequent codicil does not operate to reinstate a legacy which, intermediate the execution of the will and the making of the codicil, has been adeemed, * * *." To like effect is Id., section 626, page 428.

In 95 C. J. S., Wills, section 303e(2), page 102, contains this: "The rule that a codicil republishing or confirming a will makes it speak from the date of the codicil is not applicable for all purposes, and will not operate to revive legacies which have lapsed or been revoked, adeemed, or satisfied in the interval between the will and the codicil, * * *." 96 C. J. S., Wills, section 1180, page 1017, is to the same effect.

An annotation to Colley v. Britton, 210 Md. 237, 123 A.2d 296, 58 A. L. R.2d 1063, at 1072, 1074, states: "In the overwhelming majority of cases, it has been held or stated that, in the absence of expressed intention of the testator, the republication of a will by codicil executed subsequently to acts or events otherwise productive of an ademption or satisfaction of a devise or legacy does not in itself operate to revive the adeemed or satisfied bequest or devise, or to prevent, or rebut the presumption of, ademption or satisfaction, *whatever the nature of the ademption*, * * *." (Emphasis added.)

Nothing in this codicil expresses any intent of testator to devise the homestead in Eldora to appellant.

Precedents which support the above quotations include In re Estate of Youngerman, 136 Iowa 488, 494, 114 N.W. 7, 15 Ann. Cas. 245; Dean v. Tusculum College, 90 App. D. C. 304, 195 F.2d 796; Trustees Unitarian Society v. Tufts, 151 Mass. 76, 23 N.E. 1006, 7 L. R. A. 390; Lansdale v. Dearing, 351 Mo. 356, 173 S.W.2d 25, 147 A. L. R. 728, 735; May v. Sherrard's

Legatees, supra, 115 Va. 617, 79 S.E. 1026, Ann. Cas. 1915B 1131.

We do not overlook appellant's assertion she does not claim the devise in Paragraph III was revived by execution of the codicil but that it constitutes a new devise of the homestead in Eldora. But the only devise of a homestead in either will or codicil is the one in Paragraph III. As appellant says in argument, "The codicil gave her nothing else in its place."

VI. Other considerations support the conclusion appellant claims too much for the making of the codicil. Nothing in it indicates an intent to change anything in the will except to nominate appellant as executrix. Except for this change, the republication or confirmation of the will by execution of the codicil was of the will as written, not of one containing a new devise of other property. When the codicil was made, testator knew he had sold on contract the homestead north of Pine Lake and acquired a different one in Eldora. He then had the opportunity to change the devise in Paragraph III and make a new devise of the home in Eldora if such a change, in addition to naming appellant as executrix, was desired. Yet no such change was made then or at anytime. See In re Brann, 219 N. Y. 263, 114 N.E. 404, 405, 406, L. R. A. 1918B, 663 (Cardozo, J.).

Applicable here is this from annotation, 51 A. L. R. 652, 694: "* * * expression in a codicil of a determination to alter the will in one particular negatives an intention to alter it in any other particular." Several precedents illustrative of this principle are cited.

In re Estate of Rice, 191 Iowa 206, 209, 182 N.W. 170, contains this to like effect: "A declared purpose by the testator in a codicil to alter his will in one or more stated respects implies that it is not altered in other respects which have reference to the same beneficiaries."

A codicil "is a confirmation of the will, except as to express alterations which it may contain." 57 Am. Jur., Wills, section 484, page 338.

"* * * it should not be allowed to vary or modify the will, unless such is the plain intent of the testator." Id., section 608, page 417.

"A will and codicil will be construed together as if they had been executed at the time of the making of the codicil and as if the testator had inserted in the codicil all the words of the will.

"* * * the codicil supersedes the will only to the extent of those provisions of the will that are inconsistent or in conflict with it, and the provisions of the will should not be disturbed further than is necessary to give effect to the codicil. * * *. While the codicil will prevail where there is an irreconcilable conflict between it and the will, this rule will not be applied so as to effect an alteration, unless such an intention on the part of the testator is clearly and unequivocally expressed in the codicil. * * *

"A codicil, in no way affecting a devise, has no bearing on it, as to a proper construction, one way or the other." 95 C. J. S., Wills, section 625, pages 882–886.

To like effect is annotation, 51 A. L. R. 652, 697–700. See also later annotation 123 A. L. R. 1395, 1404; Annotation, 146 A. L. R. 1366; Dunn v. Kearney, 288 Ill. 49, 123 N.E. 105, 107, which rejects a contention like that made here.

Several Iowa decisions express substantially the views just quoted. In re Estate of McCulloch, 243 Iowa 449, 458, 459, 52 N.W.2d 67, 73, and citations. We there say: "* * * unless there is an irreconcilable conflict or discrepancy between them, the codicil is no more the last expression of the testator's intent than if it had been written as a part of the will." We then quote from the annotation, supra, 51 A. L. R. 652, 697, 698, part of which is: "* * * the language of a codicil will be permitted to disturb the provisions of the will only to the extent necessary to give effect to the codicil; * *.*."

See also In re Estate of Flannery, 221 Iowa 265, 271, 272, 264 N.W. 68; In re Estate of Rice, supra, 191 Iowa 206, 209, 182 N.W. 170.

Our Artz, Barnes and Watson opinions cited in Division V hereof all cite with approval In re Estate of McCulloch, supra, as to the construction to be given a will and codicil thereto. It is obvious it is unnecessary to disturb the specific devise in Paragraph III of the will in order to give effect to the nomination in the codicil of appellant as executrix.

Watson v. Manley, supra, 257 Iowa 92, 97, 130 N.W.2d 693, 696, latest of these three recent precedents, contains this: "The intention must be that which is manifest from the express language of the will as modified by the codicil, or by necessary implication." (Citation.)

VII. As stated, appellant contends the description in Paragraph III of the homestead as "in Bowman's Subdivision to the north of Pine Lake State Park" should be discarded as erroneous and surplusage. The precedents cited to support the contention are not fairly applicable here. Whitehouse v. Whitehouse, 136 Iowa 165, 167, 113 N.W. 759, 125 Am. St. Rep. 250, is typical of them. One clause of the will there erroneously devised "the north half of the northwest quarter of section 29" in a certain township and range in Polk County, rather than the north half of the northeast quarter of the section. We held there was "no possible doubt as to the deceased's intention" to devise the 80 acres last referred to.

This from the opinion, referring to the erroneous description, indicates the distinction between the factual situation there and the one here: "Neither then [when will was made], nor at any other time, had the testator been the owner thereof or of any interest therein. It was owned by and then in possession of another. But he then owned the N.½ of the N.E.¼ of the same section, which he acquired in 1876, and this was the only parcel owned by him in Polk county, Iowa, and probably in America, at the time of his death."

Several other Iowa cases point out that testator never owned the property erroneously described in the will. The error in describing the Whitehouse land was such as frequently occurs in drafting wills and other legal documents. There was no error here in describing the land devised. It is admitted testator owned the homestead described in Paragraph III when the will was made and then intended to devise it to appellant. He never changed the devise and, so far as alleged, never attempted to do so in the two years he lived after he acquired the home in Eldora. The mere opinion of appellant that testator intended to give her the homestead in Eldora is insufficient basis for a reversal.

In addition to other Iowa decisions similar to Whitehouse v.

Whitehouse, supra, appellant cites Milton v. Milton, 193 Miss. 563, 10 So.2d 175, which construes a devise of "my home place", without otherwise describing the place then owned or so limiting it, to convey the home place owned at testator's death. We do not regard the case as in point. Here the will does describe the homestead then owned and thus so limits the devise. Also changing the will only by naming appellant executrix negatives an intent to change it in any other respect.

More nearly in point is Worthen Bank & Trust Co. v. Green (1964), 237 Ark. 785, 788, 789, 376 S.W.2d 275, 277, cited by the trial court, where testatrix devised "my home place at 1311 Izard Street * * *" in Little Rock. Fourteen months later she purchased a house and lot at 2200 Rice Street, Little Rock, a month later she sold her home on Izard Street and moved into and occupied the Rice Street home until her death nearly a year later. There, as here, it was contended the devise of "my home place" was sufficient to convey the home at 2200 Rice Street, citing Milton v. Milton, supra, 193 Miss. 563, 10 So.2d 175.

The Worthen opinion points out that the distinction between the Milton devise and the one there considered is readily apparent and the description in the will of "my home place at 1311 Izard Street" patently does not describe the property at 2200 Rice Street. A second ground of the decision is that by the sale of the Izard Street home the devise was adeemed or extinguished and the devisee's rights were gone. This from the opinion applies here:

"The testatrix here had an opportunity to change her will to apply to the property at 2200 Rice if she had wanted to do so. * * *

"The Izard Street property was sold by Miss Owens almost a year before she died without having made any change in her will." See also Dunlap v. Hart, supra, 274 Mo. 600, 204 S.W. 525, 3 A. L. R. 1493, and annotation, 1497.

As stated, the home north of Pine Lake was sold on contract and the one in Eldora acquired two years before this testator died without changing Paragraph III of the will.

Statements similar to those just quoted from the Arkansas court are found in In re Estate of Keeler, 225 Iowa 1349, 1357,

282 N.W. 362, 366, and In re Estate of Sprague, 244 Iowa 540, 546, 547, 57 N.W.2d 212, 216, 217. They indicate that a failure to change a bequest after a transfer of the property bequeathed negatives an intent to make a new bequest.

■ VIII. What is said in Bankers Trust Co. v. Allen, 257 Iowa 938, 944, 135 N.W.2d 607, 610, 611, although elementary as to the admissibility of extrinsic evidence in a case of this kind, applies here:

"Where the language of a will is ambiguous or of doubtful meaning resort may be had to extrinsic evidence as an aid in determining its meaning. However, where the language used is plain and unambiguous its meaning must be determined from the language used without resort to extrinsic circumstances. The testator's intention must be determined from what he said, not from what it may be supposed he intended to say or should have said. The question is not what testator meant to say but what he meant by what he did say [many citations].

■ "Nor is extrinsic evidence admissible to vary, contradict or add to the terms of a will or to show an intention different from that disclosed by its language. Evidence of testator's intention as an independent fact, divorced from the words of the will, is clearly inadmissible. Courts will not, from oral testimony, make a will testator perhaps intended to, but in fact did not, make." (Citations)

■ The trial court is criticized for not hearing extrinsic evidence that testator owned the home in Eldora in 1964 although, it is said, the court felt it was proper to show he did not then own the home north of Pine Lake. The application for construction of the will alleges, and the motion to dismiss admits, sale of the former home and subsequent acquisition and occupancy of the home in Eldora. Obviously evidence in support of such admitted facts was unnecessary. Mason & Hanger-Silas Mason Co. v. Iowa State Tax Comm., 258 Iowa 531, 542, 139 N.W.2d 437, 443.

IX. No claim is made that appellant is entitled to the personalty located in the home north of Pine Lake when the will was made.

It may not be amiss to point out that neither the home in

Eldora nor the unpaid balance of the sale price of the home north of Pine Lake descends as intestate property as almost half of testator's large estate did in Bankers Trust Co. v. Allen, supra (perhaps contrary to testator's intention there). Under Paragraph IV of the will appellant acquired a life estate in both the unpaid balance and the Eldora home so long as she remains testator's widow. The remainder goes in equal parts to all four of testator's children under Paragraph V. The trial court found the unpaid balance of the contract for sale of the former home exceeded $14,000. This does not seem to be questioned.

■ X. We think the costs of this appeal are properly taxable to appellant individually rather than to the estate and it is so ordered. The executrix as such is indifferent. Had the order been reversed she alone as an individual would have benefited. Appellees are the successful parties and appellant individually is the losing party within the meaning of section 625.1, Code, 1962. In re Estate of Hartman, supra, 233 Iowa 405, 412, 9 N.W.2d 359, 363, 364, and citations; In re Trust of Lunt, 235 Iowa 62, 86, 87, 16 N.W.2d 25, 37, 38; In re Trust of Shurtz, 242 Iowa 448, 457, 46 N.W.2d 559, 564.—Affirmed.

All JUSTICES concur.