(No. 19900.—

L. F. WINGARD, Exr., *et al.* Appellees, *vs.* VERA J. H. HAR-
RISON, Appellant.

*Opinion filed December 20, 1929.*

J. L. HICKS, guardian *ad litem,* for appellant.

C. D. THOMAS, and HERRICK & HERRICK, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of
Piatt county construing the will of Samuel Wills, deceased.
The only error assigned and argued here is that the chan-

cellor erred in construing the seventh clause of the will, to pass to the residuary beneficiaries named therein certain real estate acquired by the testator after the execution of the will.

Samuel Wills at the time of his death left no widow, children or descendants of children him surviving. After making certain bequests of substantial sums to various distant relatives, the seventh clause provides as follows:

"*Seventh*—The remainder of my estate is to be divided share and share alike among Sherman Everett of Michigan, Louisa J. Winn, Ethel May Edwards and Eliza Griffith of Champaign county, Illinois."

The evidence showed that the testator on October 15, 1926, the date of the execution of the will, owned no real estate; that he had owned a farm, which he had sold for the sum of $48,000 and had purchased Liberty bonds with the proceeds. He received notice that the bonds would be called in during November, 1927, and he asked one Arthur Sheridan, a real estate dealer, to find some land for him, and in July, 1927, he purchased the land described in the bill for the sum of $50,000, paying for the same with Liberty bonds and his check for $7000. The evidence showed that after he purchased the farm he stated that he intended to leave the land to the four persons named in the residuary clause. The evidence shows that there are not sufficient funds or personal property on hand in the estate to pay the legacies in full but that about $20,000 additional will be required for that purpose. It appears, therefore, that in the purchase of the farm the testator knew that he was using at least $20,000 of money which he had bequeathed to legatees.

The decree finds that by the seventh clause of the will the testator intended to give, devise and bequeath the residue of all of his property, real, personal or mixed, which he might own at the time of his death, to the persons named in the residuary clause.

Appellant contends that real estate acquired after the execution of a will will not pass by a residuary clause in that instrument unless the intention to so dispose of it clearly appears from the will and that no such intention appears here, and therefore the after-acquired real estate is intestate property. Appellant's counsel cites in support of that contention, *Watts* v. *Killian*, 300 Ill. 242, and *Cummings* v. *Lohr*, 246 id. 577. In *Watts* v. *Killian, supra,* the clause under consideration directed the executor to sell all the remaining portion of the testator's estate "except any farm property in Lee county." There, of course, a specific exception from the general terms of the residuary clause appeared in the will, and that case is of no assistance to appellant here. In *Cummings* v. *Lohr, supra,* the language of the will considered was: "I give and bequeath to Louisa Lohr, my beloved wife, all the real estate that I may die seized of, being the land that I now live on in said township of Locust, Christian county, Illinois." The testator, at the time of the making of the will, owned no other real estate but acquired land after its execution, and it was held that the language of the will showed an intention to devise real estate acquired after the execution of the will notwithstanding the descriptive words, "being the land that I now live on." This case is likewise of no assistance to the contention of the appellant.

We have no doubt as to the correctness of the chancellor's construction of this will. Reference, only, to a few cardinal principles in the construction of wills suffices to show the correctness of the decree. In the construction of a will with reference to after-acquired property the rule has long been that whether the will passes such real estate depends upon the intention of the testator. (*Woman's Union Missionary Society* v. *Mead*, 131 Ill. 338; *Cummings* v. *Lohr, supra.*) That intention is to be determined by rules of construction and not of law. (*Woman's Union Missionary Society* v. *Mead, supra.*) Where the language

of the will has a settled legal meaning the intention of the testator must be drawn from the will itself. (*Lynn* v. *Worthington*, 266 Ill. 414; *Deemer* v. *Kessinger*, 206 id. 57.) A testator is presumed to have intended to dispose of all his property and leave no part of it intestate. (*Watts* v. *Killian, supra; Lewis* v. *Sedgwick*, 223 Ill. 213; *Biggerstaff* v. *VanPelt*, 207 id. 611.) The presumption with reference to a residuary clause is that the testator intended that it include everything not effectually devised or disposed of, and should be construed to prevent intestacy as to any of the testator's estate unless there is an apparent intention that the property should be excluded from the will and passed as intestate property. (*Dunn* v. *Kearney*, 288 Ill. 49.) In this case the seventh clause of the will devised to the four persons named therein, "the remainder of my estate." The word "estate" includes property of all kind, real as well as personal. (Webster's Int. Dict.; *North* v. *Graham*, 235 Ill. 178; Coke on Littleton, 345*a; Bridgewater* v. *Duke of Bolton*, 1 Salk. 236; *Heirs* v. *Lawrence*, 59 N. Y. 192; Bouvier's Law Dict.; *Cooney* v. *Lincoln*, 37 Atl. (R. I.) 1031.) By these rules it is readily seen that the words "remainder of my estate," in the absence of words appearing in this will showing a different intention, devised the after-acquired real property.

It is argued in the brief that it was error to admit certain testimony relating to statements made by the testator after the execution of the will. An examination of the abstract shows that no objection was raised to the testimony complained of; and, in addition, it may be said it is apparent that even though an objection had been interposed, the language of the will itself is sufficient to support the decree of the chancellor.

The decree of the circuit court will be affirmed.

*Decree affirmed.*