(No. 20488.—

ANNA LINSTER FOSS *et al.* Plaintiffs in Error, *vs.* THE STATE BANK AND TRUST COMPANY *et al.* Trustees, Defendants in Error.

*Opinion filed February 18, 1931.*

ASHCRAFT & ASHCRAFT, (CARROLL J. LORD, of counsel,) for plaintiffs in error.

POPPENHUSEN, JOHNSTON, THOMPSON & COLE, (FRED-
ERICK MAYER, of counsel,) for defendants in error.

DONALD R. RICHBERG, and LEO J. HASSENAUER, for
Kathryne M. Westreicher, individually.

Mr. JUSTICE ORR delivered the opinion of the court:

This is a writ of error to review a judgment of the
Appellate Court sustaining a decree of the superior court of
Cook county in construing the will of John Westreicher,
deceased. The decree complained of found that testator,
who died without issue, had omitted to dispose of all the
income from a trust fund created by him and held that such
surplus income should be paid to his widow during her life-
time as intestate property. This construction is opposed
by certain collateral kinsmen of the testator.

The first, second and third clauses of the will provide
for the payment of debts and a specific bequest of certain
personal property to testator's widow and for the payment
of inheritance and transfer taxes. The fourth clause, with
its sections $(a)$ to $(i)$, gives rise to the question involved
in this case. In this clause testator gave, devised and be-
queathed all the rest, residue and remainder of his estate,
both real and personal, to the State Bank and Trust Com-
pany, a corporation, and Kathryne M. Westreicher, his
wife, as trustees, upon the following trusts: Section $(a)$
contains the trust powers conferred upon the trustees; $(b)$
provides for the payment of costs and expenses of the trust;
$(c)$ provides for the payment of $300 per month from tes-
tator's death to his wife, Kathryne M. Westreicher, for her
life; $(d)$ provides that these income payments to the wife
shall be made at all times, and in case there is any surplus
income, $60 per month shall be paid to a cousin of testator
and $60 monthly to a former employee; $(e)$ makes provi-
sion for the payment of the remaining net income and for

the distribution of the trust estate in the event testator left lawful issue surviving, giving his wife one-half and such issue the other half until the death of his wife, etc.; (f) provides that if testator leave no lawful issue surviving, etc., then said trust should continue until the time of the death of the last survivor of Kathryne M. Westreicher, Anna Linster Foss, Nicholas Linster, Katie Stemper Firzlaff, Christian Stark, Clara Stark and Amanda Scheibe Zacker, and should then terminate; (g) furnishes the principal controversy in this case, and the material part thereof provides: "If I leave no lawful issue surviving, * * * then after the death of my wife said trustees shall pay out of the net income of my trust estate" the sum of $150 per month to the heirs of testator's widow until the termination of the trust, the remainder of the net income to be applied to the payment of debts for a period not longer than twenty years, and after the payment of such debts and $2000 bequeathed to a church, "said trustees shall pay out of the net income of my trust estate in monthly installments to the persons in this paragraph named the amounts set after their respective names until the time for the termination of this trust, viz.: To my niece, Anna Linster Foss, $100 per month, and after her death to her heirs-at-law $100 per month; to my nephew, Nicholas Linster, $60 per month; to my niece, Amanda Scheibe Zacker, of Rensselaer, Indiana, $25 per month; and if there be any net income of my trust estate remaining at the end of any year it shall be divided among the said Anna Linster Foss, Nicholas Linster and Amanda Scheibe Zacker, *pro rata*," etc.

Plaintiffs in error contend that the language used in section (g) of the fourth clause of the will should be construed so that the surplus or remaining income of the trust estate, whether received before or after the death of the widow, should go to testator's nieces and nephew named, after prior payments had been satisfied. To support this contention they invoke the well known presumption against

partial intestacy, and insist that this court should adopt any reasonable construction of the will rather than hold that testator died intestate as to any of his property. While it is true that the presumption is always against intestacy, either in whole or in part, where a party has attempted to dispose of property by will, this is only a presumption and does not warrant this court, under the guise of construing a will, to add provisions which are offered in place of those omitted. Such presumptions cannot be indulged in either to overcome express language in a will (*Wixon* v. *Watson,* 214 Ill. 158,) or to supply an omission made by oversight, where no language is used to show an intention on the part of testator to dispose of the property. (*Minkler* v. *Simons,* 172 Ill. 323; *Magnuson* v. *Magnuson,* 197 id. 496.) If a testator has overlooked a condition which he would perhaps have provided for if it had occurred to him, the court can not guess at what provision he would probably have made and by construction read it into his will on the presumption that he would naturally have made such a provision if he had thought of it. (*Pontius* v. *Conrad,* 317 Ill. 241; *Illinois Land and Loan Co.* v. *Bonner,* 75 id. 315; Page on Wills,—2d ed.—par. 816.) In the fourth clause of the present will testator attempted to provide for different contingencies but failed to completely provide for the condition that actually arose. By sections (*c*), (*d*) and (*e*) he gave his wife $300 per month for life, bequeathed $120 monthly to others, and provided that if he left issue, one-half of the remaining net income should go to his wife and the other half to such issue. By section (*f*) he bequeathed nothing but simply stated how and when the trust should terminate if he left no issue. Up to this point he had made no disposition of the surplus net income during the life of his wife above the $420 monthly payments mentioned in sections (*c*) and (*d*), as section (*e*) applied only if he had issue, and he had no issue. Looking, now, at section (*g*), we find that testator again says that if he leaves

no issue, etc., "then after the death of my wife" the trustees shall do certain things. All of the effective provisions of section (*g*) follow the words "after the death of my wife" and are limited and controlled by those words. In this section, as in the preceding ones, testator failed to provide for the disposition of the surplus net income during his wife's lifetime. This omission may have been an oversight on the part of the scrivener, but whatever its cause may have been, its effect is the same. No doubtful or ambiguous meaning is involved and no intention is expressed elsewhere in the will which would authorize this court to indulge in conjecture and supply an intent which testator failed to express. Where a will fails to dispose of all of testator's property or income leaving a part thereof intestate, the presumption against intestacy does not authorize the court to place a construction upon the will itself not justified by the language used, for the purpose of making it dispose of all such property or income. *Jacobs* v. *Ditz,* 260 Ill. 98; *Bond* v. *Moore,* 236 id. 576; *Lewis* v. *Harrower,* 197 id. 315; *Stevenson* v. *Stevenson,* 285 id. 486.

In connection with the foregoing it is significant that in section (*e*) testator provided for the payment of one-half of any surplus income to his wife (above the $300 monthly allowance previously given to her) in case he left issue. It cannot well be presumed that in the absence of any issue the widow should receive less than if there had been issue, nor that testator intended to prefer his nieces and nephew, rather than his wife, as to any surplus income.

As a further argument against partial intestacy, plaintiffs in error assert that since the trustees held legal title to the trust estate they must also have acquired title to the undisposed-of income accruing in their hands from this property. By reference to the will, however, it will be seen that testator clearly distinguished between the *corpus* of his estate and the income derived therefrom. All of the *corpus* of his estate passed to the trustees and no part

of it became intestate property. All of it was to be ultimately distributed to different charities. The income, however, was to be treated separate and apart from the principal. The trustees were directed to use the income in a certain manner as it accrued during the life of the trust. By certain bequests testator attempted to dispose of all the income accruing during the trust period. In disposing of this income during his wife's lifetime he made complete provision for all the surplus in case he left issue but failed to provide for its disposal in case his marriage produced no issue. There is no residuary or other clause which directed the trustees to use such surplus income for any other purpose or throw it back into the trust. There are no directions in the will for the accumulation of income to increase the *corpus* of the trust fund. Testator gave over the *corpus* of the trust to ultimate legatees but not the income. In such cases, to the extent that the amounts bequeathed fail to completely dispose of the income the will becomes inoperative and testator as to the income not bequeathed dies intestate. (*In re Martin's Estate,* 185 Pa. St. 51, 39 Atl. 841; *Sanford* v. *Blake,* 45 N. J. Eq. 248, 17 Atl. 812; *Colville* v. *Kinsman,* 60 Atl. (N. J.) 959, and cases cited; *Shepard* v. *Union and New Haven Trust Co.* 138 Atl. (Conn.) 809.) Those named in the will who were to receive the principal estate at the end of the trust have failed to appeal from the decree of the court below giving the remainder of the income to the widow. They have at no time contended that the remaining income should be left in the hands of the trustees and be considered as principal until the final disposition of the trust estate. Since testator left no issue the surplus income was undisposed of under the will and as such became intestate property, separate and distinct from the *corpus* of the estate, which the trustees were holding for certain well-defined purposes.

It is further urged by plaintiffs in error that the close proximity of the ages of Kathryne M. Westreicher, widow,

and of Anna Linster Foss, one of the plaintiffs in error, indicates that testator must have had in mind making provision for Anna during the widow's lifetime, since her expectancy of life was no greater than that of the widow. But it is well settled that surrounding circumstances cannot be resorted to for the purpose of importing into the will any intention not expressed therein. (*Gruner* v. *Rice,* 333 Ill. 112.) Testator's intention must be determined by the language he used in the will and not from any surmise that he used the language to express an intention or meaning he had in his mind but failed to express. *Lomax* v. *Lomax,* 218 Ill. 629; *Karsten* v. *Karsten,* 254 id. 480; *Crabtree* v. *Dwyer,* 257 id. 101; *DuBois* v. *Judy,* 291 id. 340; *Peacock* v. *McCluskey,* 296 id. 87.

We have not failed to note certain other contentions made by plaintiffs in error, but it is not necessary to consider them in view of the conclusions above reached. Testator omitted to dispose of the surplus income accruing during his wife's lifetime from the trust estate under the contingency which arose—*i. e.,* his death without issue. The language used in the will is clear, direct and unambiguous. No provision is made by testator for the payment of surplus income to plaintiffs in error until "after the death of my wife," and this court has no power to place upon the will a construction not justified by the language used. The conclusion of the Appellate Court affirming the decree of the superior court to the effect that the widow takes as intestate property during her lifetime the surplus net income not otherwise disposed of by the will is correct.

The decree is therefore affirmed.
*Decree affirmed.*