In the Matter of Estate of George S. Betts, Deceased. William H. Betts, Appellant, v. Arthur Johnson, Executor of Last Will and Testament of George S. Betts, Deceased, Appellee.

Gen. No. 9,945.

Opinion filed May 21, 1954. Released for publication June 7, 1954.

KENNETH H. LEMMER, and RICHARD W. VELDE, both of Havana, for appellant.

GEORGE P. PROCTOR, of Lewistown, and BERNARD H. TAYLOR, of Canton, for appellee.

MR. PRESIDING JUSTICE REYNOLDS delivered the opinion of the court.

This is a dispute over the interpretation of the will of George S. Betts, deceased. The will was probated in the county court of Fulton county, and Arthur Johnson was appointed executor. Johnson proceeded to administer the estate and upon filing his final report, William H. Betts, devisee and brother of the decedent filed objections to the report, setting forth that the distribution proposed in said report was contrary to law, contrary to the terms of the will, and that instead of deducting all just debts, funeral expenses, inheritance taxes and attorney's fees, before distribution of the remainder to William H. Betts, that these items should have been proportioned among all heirs. The objections to the final report were overruled by the county court. The cause was then appealed to the circuit court of Fulton county, and the circuit court overruled the objections and allowed additional attorney's fees. From that decision, the case comes to this court on appeal.

The two clauses in the will that must be construed are the first and third. The first clause reads as follows:—

"It is my will and I direct the payment of all my just debts, funeral expenses, costs of administration, inheritance taxes and attorney's fees, out of my estate, by my executor, hereinafter named, as soon after my decease as may by him be found convenient."

The third clause reads as follows:—

"I give, devise and bequeath to my brother, William H. Betts, all of my personal property not herein otherwise disposed of, consisting of cash, stocks, bonds, securities, automobile, and all accounts owing to me for professional services rendered; Also, all of my right, title and interest, in and to the personal property situate on my farms in Banner and Liverpool Townships, Fulton County, Illinois, consisting of livestock, machinery, tools, hay and grain, together with all other items of personal property not here specifically mentioned, used in farming operations. To Have and to Hold as and for his sole and separate property in fee simple forever."

The executor treated Clause Three of the will as a residuary clause and construed Clause One as direction to pay all debts and inheritance taxes out of the estate, before distribution. The other bequests or devises were treated as specific devises and no deduction was made from them for inheritance tax. In following the case on appeal from the county court to the circuit court, additional attorney fees were incurred, and these were allowed by the circuit court. Thus, there are two questions before this court. 1. Should the debts and inheritance taxes be charged proportionately against each legacy? 2. Did the circuit court have any jurisdiction to allow additional attorney fees?

456

■■ Under Illinois law, it is well settled that in the absence of specific directions, the legatee pays the inheritance tax due on his legacy. That rule is so well settled as to need no citations in this opinion. But where it is the apparent intention of the testator to have the debts and the inheritance taxes paid out of the estate and not by the legatees, then a different question is presented. Here, the testator said in Clause One: "It is my will and I direct the payment of all my just debts, funeral expenses, costs of administration, inheritance taxes and attorney's fees out of my estate." There can be little question that the intention of the testator was to have these debts, funeral expenses, inheritance taxes and attorney's fees paid out of the estate, and not proportionately by the legatees. The case of *People v. Upson*, 338 Ill. 145 is cited by the appellant. In that case there was no residuary clause. The testatrix in her will directed that certain farm lands be sold. Out of the proceeds, one half was to be invested in other farm lands, with title for life in the name of George Upson, a nephew, with remainder to his children. Out of the remaining one half of the proceeds of the sale of the farm lands, all her debts, funeral expenses, costs of administration, costs of sale, and the pecuniary legacies should be paid. This provision, the court held, was a valid provision of the will which the testatrix had a right to make. We can see little difference between that case where the debts and costs were by direction of the testatrix, to be paid out of one half of the proceeds of the sale of farm lands, and the case here where the testator directed that these costs be taken out of the whole estate. The appellant contends that the words "out of my estate" means out of the whole estate, including both real and personal property. There is no question that the word "estate" would include both real and personal property, but the

457

cases cited in support of the contention that each legatee should bear a proportionate share of the costs and expenses, taxes, and other expenses do not bear out this position. None of them are in point. In this case, the testator sought to set up certain specific legacies, and then provided for disposition of the residuary estate. Whether or not the residuary clause was valid we will deal with later in this opinion. But, if it was valid, then the direction of the testator that the inheritance taxes be paid out of his whole estate, did not mean out of the specific legacies, but out of the residuary estate, if any, after the payment of the specific legacies. The case in Illinois most nearly in point is that of *People v. McCormick,* 327 Ill. 547. There the will provided that certain definite amounts be paid as legacies, and that the inheritance tax should be paid out of the residuary estate. The court said: "If it was the desire of the testatrix to impose that additional burden on the residuary legatees, it was, of course, within her power to do so." Here, as in the *McCormick* case, the apparent intention of the testator was to give specific legacies and that the costs of administration, inheritance taxes, and other expenses be paid out of the residuary estate.

■ ■ The appellant contends that the order assessing the inheritance tax is *res adjudicata* against the executor. We cannot agree with this contention. The State is not concerned with the question as to what account or accounts the taxes are to be charged. The only interest of the State is that the full amount of the taxes be paid. The order of the county court fixing the amount of the taxes due is only *res adjudicata* for the purpose of determining the amount due. In the case of *Strauss v. Strauss,* 363 Ill. 442, at page 452, the court said: "It was correctly held in the court below that the inheritance tax assessment did not amount to an adjudication of the rights of Albert Strauss, and that he

was not estopped thereby to claim a greater interest in the estate." The order fixing the amount of inheritance taxes is only an adjudication of that particular item. It cannot be held to be an adjudication between the legatees or the executor. The only parties concluded by a decree are adversary parties, and the matter determined must be in issue between them. *Gouwens v. Gouwens,* 222 Ill. 223; *Jones v. Koepke,* 387 Ill. 97. In the *Jones v. Koepke* case the court said: "The only parties concluded by a decree are adversary parties and the matter determined must be made an issue between them, either by the pleadings or in fact. If no issue between coparties in a chancery suit is presented and adjudicated, the decree is not evidence in favor of either party against the other." The adversary party here was the State of Illinois.

 Appellant contends that Clause Three of the will was not a residuary clause, but is a specific legacy. In support of this contention, he cites *Baker v. Baker,* 319 Ill. 320. We fail to find that this case supports this contention, but it does define specific and general legacies. The case defines a specific legacy as one that singles out a particular thing which the testator intends the donee to have, no regard being had as to its value. Under that definition Clause Two and Clause Four of the will of George S. Betts constitute specific legacies. We must conclude that Clause Three is a residuary clause. No particular words or mode of expression is necessary to constitute a residuary clause. A residuary clause should be so construed as to prevent intestacy of any part of the testator's estate. *Dunn v. Kearney,* 288 Ill. 49; *Wingard v. Harrison,* 337 Ill. 387. In the will in question, the testator does not use the word "residuary," but his clear intention is to create a residuary estate. He leaves to his brother William H. Betts, "all of my personal property not herein otherwise disposed of." This clearly discloses an

intention to create a residuary estate. The intention of the testator must be gathered from the words of the will. *Wickizer v. Whitney,* 364 Ill. 125. In determining the meaning of a particular provision in a will the whole will must be considered and every provision given due weight, giving regard to substance rather than to form. *Strauss v. Strauss,* 363 Ill. 442. A reading of the will as a whole shows that the testator wanted and intended to give certain specific bequests or legacies, and that after these were made, all of his personal property "not otherwise disposed of" was to go to his brother William H. Betts. This court must hold that Clause Three was a residuary clause and not a specific legacy. The amount that would go to the brother William H. Betts, would be only that amount that constituted residue after the specific bequests or legacies had been paid, and the costs and taxes and other expenses paid. To hold otherwise would be to defeat the clearly expressed intention of the testator.

 The fourth and final point is the objection to the allowance of the additional attorney fees. The trial in the circuit court was a trial *de novo. De novo* has been defined as meaning "fresh" or "anew." A *de novo* trial in an appellate court, which the circuit court was in this instance, is a trial as if no action whatever had been instituted in the court below. *De novo* also means a "second time." In *Schwartfager v. Schwartfager,* 330 Ill. App. 111, the court said: "It has been repeatedly held both by the Supreme and Appellate Courts of this State, that in appeals . . . to the circuit court, the hearing is a trial *de novo,* and the appeal acts to set aside any order that might have been rendered in the probate court. The circuit court does not sit as a court of errors, but should try the case the same as though it had never been tried before, which on further appeal to the Appellate or Supreme Court,

the judgment should be reviewed as that of the circuit court and the view of the probate court is of no importance in passing on that judgment." This view is upheld in the case of *In re Estate of Redmer,* 348 Ill. App. 76. But, in any trial *de novo* in the circuit court, the circuit court is limited to the issues tried in the probate court from which the appeal is taken. It cannot extend to other issues not before, or passed upon by the probate court wherein the original trial was had. *Bley v. Luebeck,* 377 Ill. 50; *Schultz v. Chicago City Bank & Trust Co.,* 384 Ill. 148. No question is raised as to the reasonableness of the attorney fees. The only question raised is the jurisdiction of the circuit court to allow additional fees. No Illinois cases seem to have passed upon this point. The employment of counsel to represent the executor on the appeal was necessary. An executor, being a sort of "third party" in the matter, has no funds to protect the estate except estate funds. He owes a duty to properly execute the terms of the will. To say that he should employ counsel to properly execute his duties, but refuse to allow him funds out of the estate to do so, would be to handicap an executor in the discharge of his duties. The matter of expenses of administration was certainly before the county court and it allowed attorney fees as well as other costs of administration. If the trial was *de novo* before the circuit court, then not only the question of where the inheritance taxes should come from, but all the questions, including attorney fees, that were before the county court could be properly before the circuit court. A trial *de novo* could adjudicate all the matters before, or passed upon in the court of original jurisdiction. While we find no definite authority for the allowance by the circuit court of the attorney's fees incurred by the executor in following the appeal, yet as a matter

461

of equity and fairness towards the executor, he should not be compelled to follow the appeal and pay the costs of such an appeal out of his own pocket. To hold otherwise would be to discourage executors in the proper exercise of their duties.

*Judgment affirmed.*