*In re* ESTATE OF WALTER V. BRANNAN, Deceased (Marshall Brannan, a/k/a Marshall Brennan, *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. La Salle State Bank, Ex'r of the Estate of Walter V. Brannan, Deceased, *et al.*, Defendants-Appellees and Cross-Appellants).

Third District   No. 3—90—0324

Opinion filed February 22, 1991.—Rehearing denied April 17, 1991.

564

Kevin Kelly, and Kenneth A. Kozel, of Petz & Kozel, both of La Salle, for appellants.

Linn Goldsmith, of Boyle, Goldsmith, Shore & Bolin, of Hennepin, for appellee Ellen Knaff.

Charles W. Helmig III, of Peru, for appellee Elizabeth Konczak.

J. Paul Aplington, of Aplington, Kaufman, McClintock, Steele & Barry, of La Salle, for appellee La Salle State Bank.

JUSTICE GREEN delivered the opinion of the court:

The decedent Walter V. Brannan died June 22, 1982, leaving no descendants and never having married. He left a will, dated October 1, 1968, which was admitted to probate by the circuit court of La Salle County on August 27, 1982. After a lengthy period of administration, that court entered an order on April 18, 1990, approving the final account and report of defendant La Salle State Bank (Bank), the executor, after making certain adjustments concerning the distributive shares of the beneficiaries taking under the will. Plaintiffs Marshall Brannan, Peter Brannan, Wilmar Brannan, Diane Bird, Mary Slegister, Irene Green,

Linda Walzer, and Sandra Owens, all of whom had an interest under "Clause 7th" of the will, have appealed. Defendants Ellen Knaff and Elizabeth Konczak, the principal beneficiaries under the will, have cross-appealed. We affirm in part and reverse in part.

Plaintiffs maintain the circuit court erred by (1) awarding Knaff and Konczak certain "credits" in the distribution of the estate; (2) awarding the executor and its attorneys excessive commissions and fees; (3) denying plaintiffs' request for interest on their legacies after the executor had failed to timely seek repayment of advancements from Knaff and Konczak; (4) not sanctioning the executor for (a) failure to report all receipts, and (b) other failings; (5) allowing reimbursement to Knaff and Konczak and not requiring them to make reimbursement to the estate; and (6) allowing payment from estate funds to be used to pay for a property appraisal furthering the interests of Knaff and Konczak. On cross-appeal, Knaff and Konczak contend the circuit court erred in holding that clause 7th of the will is not a residuary clause. If it is such a clause, under the "burden on the residue" rule, legacies arising from that clause would be subject to the payment of all estate taxes, claims, costs, and expenses of administration before other gifts could be charged. *Haberl v. County of Monroe* (1986), 142 Ill. App. 3d 152, 155, 491 N.E.2d 909, 911.

Clause 7th of the will states:

> "All of my cash, bank deposits and securities and personal property, except as hereinabove bequeathed to ELLEN KNAFF shall be divided in ten (10) equal shares among my following relatives: My brother PETER BRANNAN; the children of my deceased brother Michael Brannan, that is MARSHALL BRANNAN, WILMAR BRANNAN, MICHAEL BRANNAN, PETER BRANNAN and BERNICE GULLO; MARY EDWARDS, daughter of my deceased brother, John Brannan; CAROL BEEMER, granddaughter of my deceased brother, John Brannan; and ELLEN KNAFF and ELIZABETH KONCZAK, daughters of my deceased brother William Brannan."

The final report filed by the executor basically provided for distribution to each 10% share the sum of $11,776.95. The final report was drawn in recognition of the circuit court's ruling that clause 7th was not a residuary clause but before the court had ordered Knaff and Konczak were entitled to any "credits."

The effect of the circuit court's determination to award credits to Knaff and Konczak was to use all of the property which would otherwise pass under clause 7th for other purposes and to render the legacies stated in that clause valueless. Even if we should find plaintiffs' other

contentions of error as to the handling of estate funds meritorious, at most, only slight value would be given to those legacies. On the other hand, if we agree with plaintiffs that the award of "credits" to Knaff and Konczak was error, but we also agree with Knaff and Konczak that clause 7th is a residuary clause, then those legacies would have some, but only slight, value. Thus, the principal issues in the appeal concern the propriety of the award of credits and the question of whether clause 7th is a residuary clause. We pass upon those matters first.

At the time of decedent's death, the only real estate he owned consisted of three tracts of farmland. He devised two of them to Knaff and one to Konczak. They were nieces of his, and both the will and external evidence indicated he intended to favor them. Prior to his death, he had given each a tract of farmland. He also bequeathed to Knaff "all of [his] household goods, farm machinery and equipment, motor vehicles, cattle and *** any and all chattels used in the operation of any of [his] farmlands." Apparently, the only chattel of substantial value passing under the above wording was a Cadillac automobile valued at $10,000. Besides the gifts under clause 7th and the gifts to Knaff and Konczak, the only other gift was a legacy of $2,000 to St. Patrick's Catholic Church. However, the will also provided that none of the real estate devised to Knaff and Konczak was to "be charged with the payment of any portion of [his] Federal estate tax unless there [was] not sufficient cash or securities or bank deposits" in his estate to pay the tax.

Despite the protection which Knaff and Konczak had from substantial charge being made against the real estate devised to them for Federal estate taxes, they consented to having the executor elect to proceed under section 2032A of the Internal Revenue Code (26 U.S.C. §2032A (Supp. V 1981)) in evaluating the farmland devised to them in the Federal estate tax return filed. That legislation permits use of a valuation for farmland based on the return on the land. Usually, the valuation is substantially less than the actual fair cash market value of the land. The two nieces met the requirement of section 2032A that they be a particular type of heirs of the decedent and, as required, they agreed to both use the property as farmland and to participate in its operation for a stated period of years or to pay additional taxes if that was not done. Inherent in the use of section 2032A procedure is the additional detriment to the devise that the lower valuation figure used will become the costs basis of the property for income tax purposes. This creates a larger taxable gain upon any subsequent sale of the farmland at a profit.

The circuit court found that by permitting a section 2032A valuation, the two nieces had saved the estate $78,221 in Federal estate taxes. The court concluded they should receive "credits" for one-half of

that sum ($39,110.50) because of the benefits conferred on the estate. The court also ruled that because of the various detriments to the ownership of the farm by the nieces arising from the restriction on the use and sale of the property and the added tax exposure, they should receive additional "credits" in the sum of $87,015, thus making the total credits allowed $126,131.50. The credits were apparently to be applied to charges apportioned against the gifts to Knaff and Konczak for payment of claims, costs, and expenses of administration and Federal estate taxes incurred in regard to legacies to these two nieces.

The decision to award credits was based upon the decision of this court in the case of *In re Estate of Martin* (1987), 162 Ill. App. 3d 638, 515 N.E.2d 1312. There, we upheld a circuit court ruling which charged certain devised real estate with the portion of additional assessed Federal estate taxes resulting when those devisees refused use of section 2032A valuation for their land while the other devisees undertook the burdens of section 2032A valuation for their land. The cause was remanded for reconsideration of matters which would determine whether the estate had a residue. The holding was conditioned upon the lack of sufficient residue to make the tax payments. The theory of the apportionment was based upon the equitable principles set forth in *In re Estate of Gowling* (1980), 82 Ill. 2d 15, 411 N.E.2d 266, and *Roe v. Estate of Farrell* (1978), 69 Ill. 2d 525, 372 N.E.2d 662. In those cases, the supreme court upheld charges against beneficiaries of nonprobated assets with a fair share of Federal estate taxes arising from their acquisition of those nonprobated assets.

Knaff and Konczak maintain that in *Martin*, this court gave a "debit" to the devisees who refused section 2032A valuation. They contend that here, where they have reduced the tax liability of the estate by undergoing a detriment, the circuit court properly gave them a "credit." We need not decide whether they make proper analogy to *Martin* under circumstances where the residue of an estate is not sufficient to provide for payment of legacies if we determine that clause 7th was a residuary clause. The final account and report of the executor indicated approximately $281,338 was available for (1) payment of claims, costs, expenses of administration, commissions and fees; (2) Federal estate taxes; and (3) legacies pursuant to clause 7th. That report also indicated the sums required to make payments for items (1) and (2) were $123,532 and $119,856, respectively. Thus, if clause 7th is a residuary clause, sufficient funds from the residue are available to pay all category (1) and (2) items.

Knaff and Konczak note clause 7th did dispose of the residue of the estate after the specific devises and legacies to them and St. Pa-

trick's Catholic Church. They also maintain that in the case of *In re Estate of Betts* (1954), 2 Ill. App. 2d 453, 119 N.E.2d 801, language substantially the same as clause 7th constituted a residuary clause. We agree with Knaff and Konczak that the language here is not materially different in clause 7th than in the Betts will. Because of that precedent and the logic of the *Betts* opinion, we hold clause 7th was a residuary clause.

Here, clause 7th states:

"All of my cash, bank deposits and securities and personal property, except as hereinabove bequeathed to ELLEN KNAFF shall be divided ***."

In *Betts*, the language creating a residuary clause stated:

" 'I give, devise and bequeath to my brother, William H. Betts, all of my personal property not herein otherwise disposed of, consisting of ***; Also, all of my right, title and interest, in and to the personal property situate[d] on my farms in ***.' " (*Betts*, 2 Ill. App. 2d at 456, 119 N.E.2d at 803.)

Neither clause mentions real estate, and in both cases the will makes specific devises of certain real estate. Here, the devises covered all of the real estate owned by the testator at the time of his death and presumably that is so in *Betts*, but the opinion is silent in that regard.

The language in the *Betts* will does differ from that here in that, there, the testator expanded more in describing his personal property bequeathed in the clause in question. If any significance is given to that difference, the significance would be that the language here is more indicative of a plenary bequest of personalty, and there, the additional language tends to qualify the breadth of the bequest. Other language here is supportive of an intent for clause 7th to dispose of residue. The *Betts* court points out that in determining the meaning of a will, the intent of the testator must be found from considering every provision, citing *Strauss v. Strauss* (1936), 363 Ill. 442, 2 N.E.2d 699. Here, the decedent's reference to his "cash or securities or bank deposits" being used for payment of Federal estate taxes before any charges against the lands devised to his two nieces gives further indication that the testator intended clause 7th, which disposed of those items, to be the residuary clause of the will.

Knaff and Konczak also assert that, in ruling on the first account and report of the executor, the circuit court determined clause 7th was a residuary clause. They contend this ruling was an appealable order which was not appealed, thus giving *res judicata* effect to that determination. Because of our determination on the merits as to the issue of the status of clause 7th, we need not decide this question.

■ In addition to the existence of a residue capable of paying Federal estate taxes here, we note other dissimilarities between this situation and that in *Martin*, which put in question the propriety of the "credit" granted Knaff and Konczak. In *Martin*, we made an equitable apportionment of estate taxes under circumstances where such taxes were chargeable to the property devised, thus, perhaps, "debiting" that devise. Here, a "credit" totaling $126,131.50 was given to devisees, who were not required to pay any taxes in regard to the devised real estate and whose total burden of Federal estate taxes as set forth in the final report would only have been $12,764.34. Indeed, the total charge against those two nieces for costs of administration, fees, commissions, costs, and claims was only $78,863.11. Accordingly, the executor could not honor all the credits of $126,131.50 given to them. Furthermore, if any "credits" were permissible, the credits should not have exceeded the amount of the tax saving to the estate. To reimburse the nieces both for the benefits received by the estate and the supposed detriment to them has elements of a double recovery.

We find no error in the award of any fees or commissions to the executor or attorneys hired by it.

■ ■ The total commission awarded the executor was $22,905.43. Considering the size of the estate, the disputes which existed and the length of time involved, the commission is clearly shown to be reasonable. Plaintiffs contend the commission was fixed according to a schedule. The record does not support this. Rather, a schedule showing a much higher commission for an estate of this size was presented to the court for the purpose of indicating the commission was not determined by a schedule.

The executor hired the firm of Aplington, Kaufman, McClintock, Steele, and Barry to represent it in the administration of the estate. The first account indicated that firm had been paid $18,000 for services up to that time, May 25, 1985. The report was heard after notice to all parties and was approved. Section 24—2 of the Probate Act of 1975 states that if proper notice of hearing on such an account is given and the account is approved "upon the hearing, in the absence of fraud, accident or mistake, the account as approved is binding upon all persons to whom the notice was given." (Ill. Rev. Stat. 1983, ch. 110½, par. 24—2.) Moreover, Supreme Court Rule 304(b)(1) provides that an order entered in the administration of an estate "which finally determines a right or status of a party" is appealable as a matter of right "without the finding required for appeals under paragraph (a) of this rule." 107 Ill. 2d R. 304(b)(1).

No appeal was taken from the order approving the first account and report. That order was final as to the right of the Aplington firm for fees for services rendered to that date. Plaintiffs maintain the Aplington firm improperly failed to inform them that it considered clause 7th was a residuary clause. This was a position the firm later took, but the record does not indicate any fraud upon the legatees under clause 7th in this respect. Those legatees had incentive to object to the fees if they deemed them unreasonable as, regardless of the status of clause 7th, legacies under that clause would be charged with payment of a significant part of the fee. No showing was made that the executor or its attorneys had breached any fiduciary duty to plaintiffs. (See *In re Estate of Winston* (1981), 99 Ill. App. 3d 278, 425 N.E.2d 973.) We conclude the order approving the fees for the Aplington firm shown on the first account and report is binding upon us because of *res judicata* principles.

The second account and report requested fees for the Aplington firm in the sum of $6,795, and the final account and report requested fees in the sum of $12,468.72. These matters were consolidated for hearing. The Aplington firm presented itemized time records showing time spent and reasons for doing so and requested payment at the rate of $100 per hour. Testimony of a practicing attorney and former circuit judge supported the reasonableness of the rate and the time spent. Plaintiffs rely upon *Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 518 N.E.2d 424, where an award of attorney fees in a suit on a lease was set aside because of the vague records of the attorney offered in support of the fee. Here the records were more definite, and considering the nature of the case, the amount involved, the necessarily lengthy proceedings, and the opinion testimony of the former judge, the awards were within the proper discretion of the circuit court.

On October 25, 1983, plaintiff Peter Brannan and other heirs filed a suit in the circuit court of La Salle County contesting the will, alleging lack of testamentary capacity of the decedent and undue influence. The executor elected to bring in further counsel. James Duncan represented the estate until the fall of 1985 when he withdrew, and the executor elected to hire Linn C. Goldsmith, who was also representing Knaff. Some 2½ years later, the suit was settled, with Knaff and Konczak paying the plaintiffs to that suit $50,000 of their own funds. However, the circuit court awarded $42,300 to Goldsmith from the assets of the estate for his services. Plaintiffs maintain the award of any fees from the estate was improper, and if any fees were awarded, these were not sufficiently documented and were excessive.

■ Plaintiffs point out that section 6(b)(1) of the Principal and Income Act states that "expenses of management and *protection of* [property bequeathed]" are to be "charged against the property." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 30, par. 506(b)(1).) However, section 8—1(e) of the Probate Act of 1975 imposes upon the personal representative the duty to defend a will when that will has been contested in court. (Ill. Rev. Stat. 1985, ch. 110½, par. 8—1(e).) A personal representative needs legal counsel, and the practice has been to permit the court to authorize the payment of fees for such work from the assets of the estate. (*In re Estate of Settle* (1981), 97 Ill. App. 3d 552, 422 N.E.2d 1008; *In re Estate of Lipchik* (1975), 27 Ill. App. 3d 331, 326 N.E.2d 464.) No case has been called to our attention which requires the payment to be made from the property of devisees or legatees because they gain from the upholding of the will and other devisees or legatees may be heirs who would be better off if the will was invalidated. Ordering the estate to pay Goldsmith's fees was not error.

As plaintiffs did in regard to the fees of the Aplington firm, they also complain that Goldsmith's request for fees was not sufficiently documented and that the fees were excessive. Goldsmith's work was not as well documented as was that of the Aplington firm in regard to the second and final reports and accounts. Items covering over 150 hours were merely described as "review." The circuit court recognized the meager nature of this documentation. However, the court also recognized that Goldsmith had obtained a very good result. The judge hearing the instant matter had also been involved in the will contest. Considering the amount involved, the length of time during which negotiations were taking place and the result, which the court deemed to be good, we find no breach of discretion in the award of fees to Goldsmith.

Before the testator's death, in February 1976, he made separate gifts by way of deeds of farm real estate to Knaff and Konczak which had a fair market value of $268,000. A Federal gift tax return was duly filed in 1977 with respect to these gifts. (See 26 U.S.C.A. §2502(c) (1989).) The Federal gift tax return was filed "in the period between the adoption of the new unified gift and estate tax code and the end of that year." After the effective date of the "new unified gift and estate tax code," one could no longer claim a $30,000 gift tax credit. (See, *e.g.*, 26 U.S.C.A. §2505(d) (unified credit against gift tax) (1988).) However, even with the change at that time, the Federal gift and estate tax return was approved, and Knaff and Konczak paid $50,000 in Federal gift tax on behalf of the donor, the decedent.

■ Upon the testator's death and filing of the Federal estate tax return, the estate was assessed $6,000 plus interest resulting in a total

of $11,718.59. The final account and report reflected this amount was paid to the Internal Revenue Service. Plaintiffs contend that the trial court should have ordered Knaff and Konczak to pay this assessment, because the claim was really for delinquent gift tax from 1976 and accrued interest. Plaintiffs point to Aplington's statement during a hearing on April 18, 1990, where Aplington stated "we knew we owed more tax because of an error made at the time of the filing of the Federal gift tax return in 1977." Plaintiffs contend Knaff and Konczak, who received the gift in 1977, should pay the gift tax and the interest, not the estate. However, regardless of whether the charge was for gift tax or estate tax, the obligation was ultimately upon the estate and not upon the donees. Payment from estate funds was proper.

■ Plaintiffs contend that Knaff and Konczak should have been required to advance sums to pay expenses, and the failure of the executor to require them to do so should subject the executor to payment of interest for the time of the delay. The determination that clause 7th, under which plaintiffs received a legacy, was a residual clause negates any requirement on the part of Knaff and Konczak to make advancements. Any contention of plaintiffs that the interests of Knaff and Konczak were not properly evaluated for purposes of allocation of expenses is also negated by the determination clause 7th was residual.

■ We also reject two other contentions by plaintiffs. We find no support in the record for their claim the amounts shown in the reports were inaccurate. We also hold that the executor properly paid the fee for appraisal of the land devised to Knaff and Konczak made for the purpose of the filing of a Federal estate tax return. Preparation of that return was the executor's responsibility.

Accordingly, we reverse the order on appeal to the extent it grants credits to Knaff and Konczak and to the extent it determines that clause 7th of the will of the decedent was not a residuary clause. We affirm the rulings of the trial court as to the individual determinations we have discussed herein. However, a new final account is necessary to effectuate the rulings we have made. Therefore, we remand to the circuit court of La Salle County with directions to proceed as we have stated.

Affirmed in part; reversed in part and remanded with directions.

SPITZ and KNECHT, JJ., concur.